PER CURIAM.
The Florida Bar petitions this Court to amend rule 10-7.1 of the Rules Regulating The Florida Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The amendment submitted by The Florida Bar would allow this Court to order an unlicensed practitioner to pay restitution and costs to a “complainant or other person” in cases where The Florida Bar is requesting civil injunctive relief. On January 1, 1996, the Bar published in The Florida Bar News notice of the filing of the petition to amend the Rules Regulating The Florida Bar, as well as the full text of the proposed amendments, so as to afford interested parties an opportunity to file comments. See R. Regulating Fla. Bar 1-12.1(g). Six paralegals filed responses opposing the proposed amendment.[1] For the reasons expressed below, we decline The Florida Bar’s request to amend rule 10-7.1 except to add a provision for taxing costs as shown in the appendix to this opinion.
Because the existing remedies available to victims of the unlicensed practice of law have not been demonstrated to be inadequate, we reaffirm our decision in Florida Bar v. Warren, 661 So.2d 304 (Fla.1995). We also recognize that protecting the public and reducing the financial loss that individuals suffer at the hands of unlicensed practitioners remain the primary rationales for prohibiting the unlicensed practice of law. State ex rel. Florida Bar v. Sperry, 140 So.2d 587, 595 (Fla.1962). In Warren, we stated that those aggrieved by an unlicensed practitioner’s misconduct may seek redress through civil proceedings.[2] For instance, victims of the unlicensed practice of law are free to sue the allegedly unlicensed practitioner directly to recover fees and other damages. The civil courts have adequate resources and efficient procedures for resolving such issues and enforcing their judgments. The Bar may also inform and assist victims as to their rights to such redress from the offenders. Moreover, the State may criminally prosecute individuals for the unlicensed practice of law pursuant to section 454.23, Florida Statutes (1995).[3]
Accordingly, The Florida Bar’s petition to amend rule 10-7.1 of the Rules Regulating The Florida Bar is denied except for the provisions for taxing costs as contained in the appendix. New language is indicated by underlining. Deletions are indicated by struck-through type.
It is so ordered.
*1204 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

10.7. PROCEEDINGS BEFORE A REFEREE RULE
10-7.1 PROCEEDINGS GENERALLY
(a) Filing Complaints. Complaints for civil injunctive relief shall be by petition filed in the Supreme Court of Florida by The Florida Bar in its name.
(b) Petitions for Injunctive Relief.
Each such petition shall be processed in the Supreme Court of Florida in accordance with the following procedure:
(1) The petition shall not be framed in technical language but shall with reasonable clarity set forth the facts constituting the unlicensed practice of law. A demand for relief may be included in the petition but shall not be required.
(2) The court, upon consideration of any petition so filed, may issue its order to show cause directed to the respondent commanding the respondent to show cause, if there be any, why the respondent should not be enjoined from the unlicensed practice of law alleged, and further requiring the respondent to file with the court and serve upon UPL staff counsel within 20 days after service on the respondent of the petition and order to show cause a written answer admitting or denying each of the matters set forth in the petition. The legal sufficiency of the petition may, at the option of the respondent, be raised by motion to dismiss filed prior to or at the time of the filing of the answer. The filing of a motion to dismiss prior to the filing of an answer shall postpone the time for the filing of an answer until 10 days after disposition of the motion. The order and petition shall be served upon the respondent in the manner provided for service of process by Florida Rule of Civil Procedure 1.070(b). Service of all other pleadings shall be governed by the provisions of Florida Rule of Civil Procedure 1.080.
(3) Any party may request oral argument upon any question of law raised by the initial pleadings. The court may, in its discretion, set the matter for oral argument upon the next convenient motion day or at such time as it deems appropriate.
(4) If no response or defense is filed within the time permitted, the allegations of the petition shall be taken as true for purposes of that action. The court will then, upon its motion or upon motion of any party, decide the case upon its merits, granting such relief and issuing such order as might be appropriate; or it may refer the petition for further proceedings according to rule 10-7.1(b)(6).
(5) If a response or defense filed by a respondent raises no issue of material fact, any party, upon motion, may request summary judgment and the court may rule thereon as a matter of law.
(6) The court may, upon its motion or upon motion of any party, enter a judgment on the pleadings or refer questions of fact to a referee for determination.
(c)Proceedings Before the Referee. Proceedings before the referee shall be in accordance with the following:
(1) The proceedings shall be held in the county where the respondent resides or where the alleged offense was committed, whichever shall be designated by the court.
(2) Subpoenas for the attendance of witnesses and the production of documentary evidence shall be issued in the name of the court by the referee upon request of a party. Failure or refusal to comply with any subpoena shall be contempt of court and may be punished by the court or by any circuit court where the action is pending or where the contemnor may be found, as if said refusal were a contempt of that court.
(3) The Florida Rules of Civil Procedure, including those provisions pertaining to discovery, not inconsistent with these rules shall apply in injunctive proceedings before the referee. The powers and jurisdiction generally reposed in the court under those rules may in this action be exercised by the referee. The Florida Bar may in every case amend its petition 1 time as of right, within 60 days after the filing of the order referring the matter to a referee.
*1205 (4) Review of interlocutory rulings of the referee may be had by petition to the court filed within 30 days after entry of the ruling complained of. A supporting brief and a transcript containing conformed copies of pertinent portions of the record in the form of an appendix shall be filed with the court by a party seeking such review. Any opposing party may file a responsive brief and appendix containing any additional portions of the record deemed pertinent to the issues raised within 10 days thereafter. The petitioner may file a reply brief within 5 days of the date of service of the opposing party’s responsive brief. Any party may request oral argument at the time that party’s brief is filed or due. Interlocutory review hereunder shall not stay the cause before the referee unless the referee or the court on its motion or on motion of any party shall so order.
(§)(d) Referee’s Report.
(1) At the conclusion of the hearing, the referee shall file a written report with the court stating findings of fact, conclusions of law, a statement of costs incurred and recommendations as to the manner in which costs should be taxed as provided in rule 10-7.1(d)(2), and a recommendation for final disposition of the cause. The original record shall be filed with the report. Copies of the referee’s report shall be served upon all parties by the referee at the time it is filed with the court.
(2) The referee shall have discretion to recommend the assessment of costs. Taxable costs of the proceeding shall include only:
(A) investigative costs:
(B) court reporters’ fees:
(C) copy costs:
(D) telephone charges:
(E) fees for translation services:
(F) witness expenses, including travel and out-of-pocket expenses:
(G) travel and out-of-pocket expenses of the referee: and
(H) any other costs which may properly be taxed in civil litigation.
(g)(3) Should the parties enter into a stipulated injunction prior to the hearing, the stipulation shall be filed with the referee. ■ The referee may approve the stipulation or reject the stipulation and schedule a hearing as provided elsewhere in these rules. If accepted, the stipulation and original record shall then be filed with the court for final approval of the stipulation and entry of an injunction. A written report as described in rule l.Q--7-,-l-(c-)(-5-) 10-7.1(d)(l) shall be filed by the referee along with the stipulation.
(d)(e) Review by the Supreme Court of Florida.
(1) Objections to the report of the referee shall be filed with the court by any party aggrieved, within 30 days after the filing of the report. If the objector desires, a brief in support of the objections may be filed at the time the objections are filed. Any other party may file a responsive brief within 20 days of service of the objector’s brief. The objector may file a reply brief within 10 days of service of the opposing party’s responsive brief. Oral argument will be allowed at the court’s discretion and will be governed by the provisions of the Florida Rules of Appellate Procedure.
(2) Upon the expiration of the time to file objections to the referee’s report, the court shall review the report of the referee, together with any briefs or objections filed in support of or opposition to such report. After review, the court shall determine as a matter of law whether the respondent has engaged in the unlicensed practice of law, whether the respondent’s activities should be enjoined by appropriate order, whether costs should be awarded, and whether further relief shall be granted.
(e)(f) Issuance of Preliminary or Temporary Injunction. Nothing set forth in this rule shall be construed to limit the authority of the court, upon proper application, to issue a preliminary or temporary injunction, or at any stage of the proceedings to enter any such order as the court deems proper when public harm or the possibility thereof is made apparent to the court, in order that such *1206 harm may be summarily prevented or speedily enjoined.

. Although the Bar failed to publish its notice of intent to file the petition 30 days prior to the filing, as required under rule 1-12.1(g), we waive the "prior publication" requirement in this case given that the interested parties nevertheless were afforded a 30-day comment period and had sufficient opportunity to file comments concerning the proposed amendment at issue here.

. We recognize at the outset that the Bar's effort to amend rule 10-7.1 is a response to our statement in Warren that the Court could not grant restitution to the victim of a non-lawyer's unlicensed practice of law because "the Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law contained in chapter 10 of the Rules Regulating The Florida Bar contain no provision authorizing the ordering of restitution.” Warren, 661 So.2d at 304.

.A defendant convicted of the unlicensed practice of law may be fined up to $ 1000 and serve a term of incarceration up to one year. See §§ 775.082(4)(a), 775.083(l)(d), Fla.Stat. (1995).